UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Patrick M. Carroll; <br><br> Plaintiff, <br><br> v. <br><br> Namecheap, Inc.; <br> John and Jane Does, <br><br> Defendants. | Civil Action No. 22-cv-5684-LAK <br><br> **Redacted Complaint** <br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiff Patrick M. Carroll ("Mr. Carroll"), by and through his attorney Duncan Levin of the law firm Levin & Associates, PLLC, file his complaint against Defendants Namecheap, Inc., and Defendants John and Jane Does for injunctive relief and damages, asserting as follows:

## PRELIMINARY STATEMENT

1. This case is about a successful entrepreneur, recognized philanthropist, and devoted father, who is now the target of an online smear campaign orchestrated by unknown defendants and facilitated by a website hosting service to cause embarrassment, monetary loss, and reputational harm, for no legitimate purpose.

2. In or around August 2019, Mr. Carroll recognized that his marriage to Lindsey T. Carroll ("L. Carroll") was quickly unraveling. Around the same time, L. Carroll consulted the Tampa-based matrimonial law firm of Older, Lundy, Koch & Martino ("OLKM") and, specifically, attorney Michael L. Lundy ("Attorney

1

Lundy"). Thereafter, L. Carroll and OLKM aggressively sought to extract significant monetary concessions from Mr. Carroll during subsequent divorce proceedings.

3. On September 5, 2019, during the pendency of their divorce proceedings, L. Carroll, unbeknownst to Mr. Carroll, surreptitiously recorded a telephone conversation that they had with while in the state of Florida.

4. In June 2022, Mr. Carroll became aware of a website bearing his name in the URL, www███████████.com ("the Website"). The Website contains images of Mr. Carroll along with a litany of false and defamatory allegations about him. In addition, the Website disseminates L. Carroll's secret recording from September 5, 2019. The Website is hosted by Namecheap, Inc., an ICANN-accredited[1] domain name registrar and web hosting company.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue is correctly set for the Southern District of New York under 28 U.S.C. § 1391(b)(2) because M. Patrick Carroll conducts business in this judicial district and because business partners and/or potential business partners have viewed, upon information and belief, the offending website. Likewise, Defendants are specifically directing, from outside the State of New York, the website in

---

[1] The Internet Corporation for Assigned Names and Numbers is a multistakeholder group and nonprofit organization responsible for coordinating the maintenance and procedures of several databases related to the namespaces and numerical spaces of the Internet.

2

question to those within the Southern District of New York. As such, the matter is correctly brought in the Southern District of New York, 28 U.S.C. § 1391(b).

7. Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has personal jurisdiction over Defendants because Defendants have the requisite "minimum contacts" in the Southern District of New York, so requiring an appearance does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

8. This Court also has personal jurisdiction over the Defendants under and consistent with the Constitutional requirements of Due Process in that Defendants committed one or more of the following:

   a. Transacts any business with the state or contracts anywhere to supply good or services in the state; or
   b. Commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
   c. Commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it:
   d. Regularly does or solicits business, or engages in any other persistent course of conduct , or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   e. Expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
   f. Owns, use or possesses any real property situated within the state. *See* N.Y. C.P.L.R. 302 (McKinney).

## JURY TRIAL

9. Plaintiffs demand a jury trial in this action.

## PARTIES

10. Plaintiff M. Patrick Carroll is the founder of the Carroll Organization and is at all relevant times an individual residing in the state of Florida.

11. Defendant Namecheap, Inc. is a Delaware corporation with its principal place of business in Phoenix, Arizona.

12. Defendants John and Jane Does, are unknown individuals or is an individual.[2]

## FACTS

13. Since June 2022, Plaintiff has been bullied through a false and defamatory website that has been published on the internet. The website uses Mr. Carroll's name and photographs, and falsely accuses him of being homophobic and committing various crimes, including domestic violence.

14. The website also posts audio of a surreptitiously recorded phone conversation between Mr. Carroll and his ex-wife in violation of Florida eavesdropping law.

15. Regarding the surreptitious recording referenced in ¶14, Plaintiff alleges that on September 5, 2019, L. Carroll recorded a phone conversation with her then-husband Mr. Carroll without his consent while they were in Florida.

16. L. Carroll later illegally disseminated the recorded conversation to Attorney Lundy and other attorneys at OLKM.

---

[2] Plaintiff expects to ascertain the identities of these Defendants through the discovery process.

17.     OLKM billing records indicate that on September 19, 2019, members of the firm conducted research regarding the "legality and admissibility of recordings."

18.     On September 20, 2019, a member of OLKM further billed for "legal research regarding the use of recordings for impeachment or refreshing recollection."

19.     On October 14, 2019, OLKM billing records reflect that there was a "conference with firm attorneys regarding the deposition of husband, legal research regarding use of recordings, conference with Mr. Maier regarding same."

20.     Thus, there is reason to believe that the illegal recording was disseminated past L. Carroll and to other parties, including to at least OLKM and Attorney Lundy.

21.     The Website is hosted by Defendant Namecheap, Inc., who have, as of the date of this complaint, rejected requests by Plaintiff to remove the objectionable content from the Website but noted that they would abide by the terms of a Court order in this case.

22.     On June 12, 2020, L. Carroll, through her attorneys at OLKM, disclosed portions of fifteen (15) recordings and surveillance videos. One of the recordings is captioned "Recording_12.m4a," which is an excerpt of a purported conversation between Mr. Carroll and L. Carroll. The metadata reflects that "Recording_12.m4a" was created on September 5, 2019, while Mr. Carroll and L. Carroll were physically present in the State of Florida.

23.     In her divorce proceedings with Mr. Carroll, L. Carroll admitted, through counsel, that she:

(1) was in Florida on September 5, 2019;

(2) recorded at least one conversation between her and Mr. Carroll on September 5, 2019, without Mr. Carroll's consent;

(3) "Recording_12.m4a" was recorded without Mr. Carroll's consent;

(4) L. Carroll provided OLKM a copy of Recording_12.m4a to OKLM in September 2019; and

(5) L. Carroll disseminated a copy of the surreptitiously recorded phone call with Mr. Carroll on September 5, 2019, to security and attorneys at OLKM and no one else.

## COUNT I

(Violation of Florida Statutes  Sections 934.03 & 934.04)

24. Plaintiff repeats and reiterates each and every allegation contained in the above-mentioned paragraphs with the same force and effect as if more fully set forth herein and state that L. Carrol obtained the recording described in ¶¶14,15 in violation of Florida Statute Section 934.03.

25. Defendant NameCheap, Inc. is illegally disseminating the surreptitious recording in contravention of Florida Statute Section 934.04. That section dictates that the electronic communications obtained by L. Carroll and later furnished to her attorneys at OLKM were illegally obtained and their further dissemination is therefore prohibited.

26. NameCheap, Inc. is therefore in violation of Section 934.04 through dissemination of the audio recording and its hosting of the Website in which it can be heard.

27. Defendants John and Jane Does, whose identities are sought through discovery in this litigation, are also in violation of Section 934.04 through

dissemination of the audio recordings by creating the malicious and defamatory Website and posting the records for dissemination.

28.     Section 934.10 of Florida Statutes provides, in relevant part, civil remedies for any person whose electronic communications have been illegally disseminated pursuant to §§ 934.03,.04, including but not limited to equitable relief, actual damages, punitive damages, and attorney's fees.

**WHEREFORE,** Plaintiff seeks the equitable remedy of an injunction, removing the Website from the internet, reasonable costs, and disbursements in prosecuting this action, attorney's fees, and special damages of $1,000,000.00.

## COUNT II
(Libel, Slander, and Defamation *Per se*)

29.     Defendants have published false statements and an illegally obtained recording to the website www.███████████.com, a third-party website without any authorization from Plaintiff.

30.     Defendants use Mr. Carroll's full name and pictures of him on the Website referenced in ¶29.

31.     The content and photos published on the Website falsely allege that Mr. Carroll is a domestic violence abuser; that his home is in foreclosure; that he has been charged criminally over 27 times for various crimes; that he has threatened Attorney Lundy; and that he is homophobic.

**WHEREFORE**, Plaintiff seeks the equitable remedy of an injunction, removing the Website from the internet, reasonable costs, and disbursements in prosecuting this action, attorney's fees, and special damages of $1,000,000.00

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

a) Awarding punitive and special damages to Plaintiff as against Defendants in an amount to be determined at trial, but in no event less than $1,000,000.00.

b) Awarding Plaintiff reasonable attorney's fees, costs, and expenses in prosecuting this action;

c) Issuance of Injunctive relief against Defendants; and

d) Granting Plaintiff all such other relief as may be just and proper.

Dated: June 28, 2022

Respectfully submitted,

Duncan Levin, Esq.
Levin & Associates, PLLC
44 Court Street, Suite 905
Brooklyn, New York 11201
Tel.: (212) 330-7626
dlevin@levinpllc.com

*Counsel for Plaintiff*